**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**Columbia Division**

-----------------------------------------------------------------------x

Alford Reed,

Plaintiff, **C.A. No.:** 3:26-cv-5239-CMC

-against- **DEMAND FOR JURY TRIAL**

Transunion, LLC,
Equifax Information Services, LLC,
Safe Federal Credit Union,

Defendant(s).

-----------------------------------------------------------------------x

## PLAINTIFF'S COMPLAINT

Plaintiff Alford Reed ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Transunion, LLC ("Transunion"), Defendant Equifax Information Services, LLC ("Equifax"), and Defendant Safe Federal Credit Union ("Safe Federal") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq*.
2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.
3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

**PARTIES**

4. Plaintiff is a resident of the State of South Carolina the County of Richland.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Transunion is a Delaware corporation registered to do business in the State of South Carolina, and may be served with process upon its registered agent, The Prentice-Hall Corporation System, Inc., Corporation Service Company, located at 100 Coastal Drive, Suite 210 Charleston, South Carolina 29492.

7. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Equifax is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia corporation registered to do business in the State of South Carolina, and may be served with process upon its registered agent, Corporation Service Company, located at 100 Coastal Drive, Suite 210, Charleston, South Carolina 29492

10. At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.
11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.
12. Safe Federal. is a person who furnishes information to consumer reporting agencies under 15U.S.C. § 1681s-2, and may be served with process at 160 West Wesmark Boulevard, Sumter, SC 29150.

## FACTUAL ALLEGATIONS

13. Plaintiff incorporates by reference paragraphs 1 through 12 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.
14. This Complaint pertains to an auto loan and related account maintained with Safe Federal Credit Union ("Safe Federal account" or the "Account")
15. Plaintiff has always made timely payments on his Account.
16. Specifically, Plaintiff's auto loan payments with Safe Federal were approximately $803 per month, with Safe Federal establishing a separate companion account whose sole purpose was to pull approximately $805 per month from Plaintiff's bank account to service and pay the monthly auto loan automatically.

17. In the Fall of 2025, Plaintiff was notified that payments were reported late on the Account, prompting him to immediately contact Safe Federal to investigate the discrepancy.
18. Safe Federal informed Plaintiff that the purported delinquencies were triggered by an additional $5 monthly fee assessed by the creditor as an "address verification fee".
19. Plaintiff pressed Safe Federal regarding the legitimacy of this fee, leading Safe Federal to agree with Plaintiff that the fee was improper and agreed to refund the improperly charged amounts.
20. Despite acknowledging the error and refunding the fees, Safe Federal failed to properly correct its credit reporting, continuing to report an inaccurate 30-day late notation for the month of September 2025 on the Plaintiff's credit report.

## Safe Federal Dispute and Violation

21. Upon information and belief, on a date better known to Transunion and Equifax ("Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to his Safe Federal account with account number ending in 0070 ("Account").
22. The Account is reporting inaccurately because Plaintiff was not late in September 2025, and the underlying fee that caused the supposed delinquency was refunded by Safe Federal.
23. The inaccurate information furnished by Safe Federal and published by the Bureaus is inaccurate since it contains a 30-day late notation for September 2025.

24. Plaintiff sent dispute letters with supporting documentation—including the creditor's letter confirming the adjustments to the balance and credit reporting, to the Bureaus disputing the accuracy of the information in his credit reports.
25. Plaintiff attached proper identification for proof of his identity to his dispute letters.
26. It is believed and therefore averred that the Bureaus notified Defendant Safe Federal of the Plaintiff's disputes.
27. Upon receipt of the disputes of the Account from the Plaintiff by the Bureaus, Safe Federal failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information with respect to the disputed Account.
28. Had Safe Federal done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Safe Federal that the Account contained inaccurate information and that the late payment notation stemmed from an erroneous fee that was subsequently refunded.
29. Following the disputes, the improper late payment notations and derogatory marks still remained.
30. Despite Plaintiff's disputes that the information on his credit reports was inaccurate, the Bureaus did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially or reasonably verify that the derogatory information concerning the disputed Account was inaccurate.
31. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

32. Further, the Bureaus violated 15 U.S. Code § 1681i(a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letters.

33. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the Account contained inaccurate or incomplete information.

34. The continued publication of this false information is materially misleading.

35. The Bureaus' reporting of Plaintiff's Account has severely affected Plaintiff's creditworthiness and created obstacles during subsequent credit applications.

36. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors.

37. Potential credit grantors reviewed Plaintiff's credit reports, as evidenced by soft and hard pulls on Plaintiff's credit reports.

38. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors.

39. As a result of Defendants' failure to comply with the FCRA, Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation, and embarrassment.

**FIRST CAUSE OF ACTION**

**(Willful Violation of the FCRA as to the Bureaus)**

40. Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

41. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

42. The Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

43. Further, the Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since they failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

44. The Bureaus have willfully and recklessly failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete; and

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

45. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

46. The conduct, action and inaction of the Bureaus was willful rendering the Bureaus liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

47. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Alford Reed, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**(Negligent Violation of the FCRA as to the Bureaus)**

48. Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

49. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

50. The Bureaus violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

51. Further, the Bureaus violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained concerning the Plaintiff.

52. The Bureaus have negligently failed to comply with the Act. The failure of the Bureaus to comply with the Act includes but is not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which the Bureaus had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete; and

h) The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer.

53. As a result of the conduct, action and inaction of the Bureaus, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

54. The conduct, action and inaction of the Bureaus was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

55. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Alford Reed, an individual, demands judgement in his favor against the Bureaus for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION

**(Willful Violation of the FCRA as to Safe Federal)**

56. Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

57. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

58. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

59. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

60. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

61. Safe Federal violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

62. As a result of the conduct, action and inaction of Safe Federal, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

63. The conduct, action and inaction of Safe Federal was willful, rendering Safe Federal liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

64. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Safe Federal in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Alford Reed, an individual demands judgement in his favor against Safe Federal in for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Safe Federal)**

65. Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

66. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

67. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

68. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

69. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

70. Safe Federal is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

71. After receiving the Dispute Notices from the Bureaus, Safe Federal negligently failed to conduct its reinvestigation in good faith.

72. A reasonable investigation would require a furnisher such as Safe Federal to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

73. The conduct, action and inaction of Safe Federal was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

74. As a result of the conduct, action and inaction of Safe Federal, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

75. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Safe Federal in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Alford Reed, an individual, demands judgement in his favor against Safe Federal for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

**DEMAND FOR TRIAL BY JURY**

76. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

c) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

d) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681o(a)(2);

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: October 29, 2026

Respectfully Submitted,

*/s/ Dawn McCraw*
Dawn McCraw (SC # 13710)
Consumer Justice Law Firm
8095 North 85th Way
Scottsdale AZ 85258
Phone: (602) 807-1527
dmccraw@consumerjustice.com
*Attorney for Plaintiff*